UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SUE LUGO,<br><br>        Plaintiff,<br><br>     v.<br><br>ADRIANA DURHAM, THE MORTGAGE LAW FIRM, JAMES F. LEWIN,<br><br>        Defendants. | No.  2:22-cv-0646 KJM DB PS<br><br><br>ORDER |

      Plaintiff Karen Sue Lugo is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the Court are plaintiff's amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 2 & 3.)  Therein, plaintiff complains about being threatened with wrongful foreclosure.

      The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's amended complaint is deficient.  Accordingly, for the reasons stated below, plaintiff's amended complaint will be dismissed with leave to amend.

////

////

1

I. **Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Amended Complaint

Plaintiff's amended complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, although the amended complaint names three defendants—Adriana Durham, the Mortgage Law Firm, and James F. Lewin—the document fails to allege facts relating to a named defendant's actions. Indeed, the amended complaint is almost entirely devoid of factual allegations. Instead, the amended complaint repeatedly asserts simply that a "defendant violated" some legal provision. (Am. Compl. (ECF No. 3) at 20.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

The amended complaint does make vague reference to some identified claims. For example, the amended complaint attempts to state a claim for violation of the Fair Debt

3

Collection Practices Act 15 U.S.C. § 1692a.  (Am. Compl. (ECF No. 3) at 20.)  To state an unlawful debt collection claim under the FDCPA the complaint "must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Dang v. CitiMortgage, Inc., No. 5:11-cv-05036 EJD, 2012 WL 762329, at *3 (N.D. Cal. Mar. 7, 2012).

However, "while the FDCPA regulates security interest enforcement activity, it does so only through Section 1692f(6).  As for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt."  Dowers v. Nationstar Mortgage, LLC, 852 F.3d 964, 970 (9th Cir. 2017).

The amended complaint also refers to an alleged cause of action for the intentional infliction of emotional distress.  (Am. Compl. (ECF No. 3) at 20.)  "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  Hughes v. Pair, 46 Cal.4th 1035, 1050 (Cal. 2009).

However, "courts have found as a matter of law that foreclosing on property does not amount to the 'outrageous conduct' required to support a claim for intentional infliction of emotional distress."  Aguinaldo v. Ocwen Loan Servicing, LLC, No. 5:12-CV-1393 EJD, 2012 WL 3835080, at *7 (N.D. Cal. Sept. 4, 2012) (citing Davenport v. Litton Loan Servicing, LP, 725 F.Supp.2d 862, 884 (N.D. Cal. 2010)).  "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community."  Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001 (Cal. 1993).  See generally Mehta v. Wells Fargo Bank, N.A., 737 F.Supp.2d 1185, 1204 (S.D. Cal. 2010) ("The fact that one of Defendant Wells Fargo's employees allegedly stated that the sale would not occur but the house was sold anyway is not outrageous as that word is used in this context.").

It is clear from the vague and conclusory allegations of the amended complaint that plaintiff is challenging an attempted non-judicial foreclosure. According to the amended complaint's allegations, "the foreclosure is 'Void' because the foreclosure was initiated by a party without standing" as the party "did not have the legal authority to sign the notice of default letter on behalf of the trustee." (Am. Compl. (ECF No. 3) at 2.)

Under California law, borrowers may have standing to challenge assignments that are void, but not those that are voidable. See Yvanova v. New Century Mortg. Corp., 62 Cal.4th 919, 939 (Cal. 2016); see also Mendoza v. JPMorgan Chase Bank, N.A., 6 Cal.App.5th 802, 811 (2016) ("A borrower has standing if the alleged assignment is void, but not if the assignment is merely voidable."). When an assignment is "voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment," whereas "a void one cannot be ratified or validated by the parties to it even if they so desire." Yvanova, 62 Cal.4th at 936.

However, "defects in assignment documents involving unauthorized signatories only render the assignment voidable, not void, and . . . plaintiffs do not have standing to challenge voidable assignments." Perez v. Mortgage Electronic Registration Systems, Inc., No. 2:17-cv-1790 TLN EFB, 2018 WL 3740543, at *5 (E.D. Cal. Aug. 2, 2018); see also Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal.App.4th 808, 814 (2016) (borrower lacked standing to allege assignment document was forged or robo-signed).

Moreover, it appears from the amended complaint's allegations that the foreclosure sale has not occurred but is instead pending. (Am. Compl. (ECF No. 3) at 21.) "California law does not permit preemptive actions to challenge a party's authority to pursue foreclosure before a foreclosure has taken place." Perez v. Mortgage Electronic Registration Systems, Inc., 959 F.3d 334, 340 (9th Cir. 2020); see also Galang v. Wells Fargo Bank, N.A., 805 Fed. Appx. 541, 542 (9th Cir. 2020) ("Plaintiffs-Appellants challenge the authority of the Defendants-Appellees to foreclose on their property based on their theory that Wells Fargo's predecessor securitized their loan and sold it to the WSR 20 Trust. Because California law prohibits such preemptive challenges, we affirm the district court's dismissal.").

////

## II. Leave to Amend

For the reasons stated above, plaintiff's amended complaint must be dismissed. The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile. Plaintiff's amended complaint will therefore be dismissed, and plaintiff will be granted leave to file a second amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete

6

in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The amended complaint filed June 10, 2022 (ECF No. 3) is dismissed with leave to amend.

2. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[1] The second mended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.[2]

DATED: October 19, 2022                    /s/ DEBORAH BARNES
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.